# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHARIFF A. ROMAN,

    Petitioner,

v.                                                                   Civil Action No. 2:14cv43
                                                                             (Judge Bailey)

WARDEN R.A. PERDUE,

    Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On June 6, 2014, Shariff A. Roman ("Petitioner") filed a *pro se* Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241. On August 14, 2014, Petitioner paid the $5.00 filing fee. Petitioner is a federal inmate housed at FCI Gilmer and is challenging the validity of his conviction and sentence imposed by the United States District Court for the District of Rhode Island. This matter is now pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2.

### II. FACTS[1]

On April 10, 1997, following a forty-four day trial, a jury found Petitioner guilty of: Count One of the superceding indictment – Extortion, Racketeering and Threats in violation of 18 U.S.C. § 1962(c); Count Two of the superceding indictment – Conspiracy to Commit Racketeering in violation of 18 U.S.C. § 1962(d); Count Four of the superceding indictment – Racketeering Activity, Murder of Jose Mendez in violation of 18 U.S.C. §1959(a)(1) and 18 U.S.C. § 2; Count Five of the superceding indictment – Conspiracy to Murder Rodney Santi in violation of 18 U.S.C. §

---

[1] Petitioner's original case can be located on Pacer at 1:95cr75 for the United States District Court for the District of Rhode Island.

1959(a)(5); Count Six of the superceding indictment – Conspiracy to Murder Jeffrey Smith in violation of 18 U.S.C. § 1959(a)(5); Count Seven of the superceding indictment – Conspiracy to Murder Herberto Serranto in violation of 18 U.S.C. § 1959(a)(5); Count Fourteen of the superceding indictment – Transfer of Firearm in Violent Crime in violation of 18 U.S.C. § 924(h); and Count Fifteen of the superceding indictment – Use of a firearm during and in relation to a crime of violence in the murder of Mendez in violation of 18 U.S.C. § 924(c). On September 22, 1997, Petitioner was sentenced to life each on Counts One, Two and Four, with said terms to run concurrently with each other. As to Counts Five, Six, Seven and Fourteen, Petitioner was sentenced to ten years imprisonment each, with said terms to run concurrently with each other and with the term of imprisonment imposed on Counts One, Two and Four. Finally, as to Count Fifteen, Petitioner was sentenced to life imprisonment, with said term to run consecutively to the life term of imprisonment imposed on Counts One Two and Four.

On September 22, 1997, Petitioner filed a Notice of Appeal. On June 30, 1999, his conviction was affirmed by the Court of Appeals for the First Circuit. His petition for writ of certiorari was denied on January 18, 2000. On February 16, 2001, Petition filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. The motion was denied on November 19, 2001. It does not appear that Petitioner appealed the denial of his § 2255 motion.

In his pending Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241, Petitioner seeks "an evidentiary hearing and appoint counsel under Rule 8, and vacate and set aside sentence and conviction and release this petitioner from custody." (ECF No. 1, p. 8). Petitioner maintains that he was not informed by counsel about filing a § 2255 motion after his appellate process, and when he did, he filed it untimely, and the sentencing court denied it without affording him an opportunity to

argue equitable tolling. In addition, Petitioner maintains that the matters raised herein deal with jurisdictional matters which have no time limits and are appropriately brought in a § 241 petition. In support of his requested relief, Petitioner alleges that the sentencing court abused its discretion because "the conviction & the sentence imposed for murder did not meet the elements to establish a violation of the RICO Act, & both defense and appellate counsels [sic] failure to object to, mitigate and raise on direct appeal actual innocence was a violation of [his] due process & equal protection clause to a fair trial and effective counsel under the Fourth, Fifth and Fourteenth Amendments." (ECF. No. 1, p. 5). In addition, Petitioner alleges "federal authorities had no jurisdiction to indict, convict, and sentence [him] for the alleged crimes committed under state jurisdiction." (ECF No. 1, p. 6).

### III. STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(per curiam). However, even under this less stringent standard, the Petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't

3

of Social Servs., 901 F.2d 387 (4th Cir. 1990).

## IV. ANALYSIS

A motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. See In re Jones, 226 F.3d 328, 334 (4th Cir. 2000); In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997). A motion filed pursuant to § 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. See Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits).

However, despite the fact that a § 2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, a § 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of what is known as the Section 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy through a § 2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). It is well established that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). Furthermore, a § 2255 motion is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under the section is time-barred. United States v. Laurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate

or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.[2]

Id. at 333-34.

Although Petitioner does not raise the savings clause, it is clear that he is not entitled to its application. In the instant case, even if Petitioner satisfied the first and third elements of Jones, the crimes for which Petitioner was convicted all remain criminal offenses.[3] Therefore, because the petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

### III. **RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **DENIED WITH PREJUDICE**.

---

[2]The "gatekeeping" requirements provide that an individual may only file a second or successive § 2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255; see Jones, 226 F.3d at 330.

[3]The undersigned recognizes that Petitioner claims that he is "actually innocent." However, in order to raise a claim of actual innocence under § 2241, Petitioner must first establish that he is entitled to review under § 2241 by meeting the Jones requirements.

5

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendations. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: July 22, 2015.

/s Robert W. Trumble
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE